OPINION AND JOURNAL ENTRY
{¶ 1} On September 30, 2004, Appellant Cincinnati Insurance Company filed with this Court a motion for reconsideration (also known as an application for reconsideration), pursuant to App.R. 26(A), and a motion to certify a conflict, pursuant to App.R. 25(A), in reference to our decision in Bernabei v. Cincinnati Ins. Cos., 5th Dist. No. 2002CA00078,2004-Ohio-4939, released on September 20, 2004. This appeal was decided by three judges from the Seventh District Court of Appeals who were sitting by assignment.
 {¶ 2} Appellant's motions were not forwarded to the judges actually assigned to the case, and said motions have not yet been addressed by this Court. It recently came to our attention that, during the time Appellant's motions were pending before this Court, Appellant filed a notice of appeal and memorandum of jurisdiction with the Ohio Supreme Court, and that the appeal to the Ohio Supreme Court has already been dismissed.
 {¶ 3} On April 26, 2005, the Ohio Supreme Court issued the following ruling:
 {¶ 4} "This cause is pending before the court as a discretionary appeal. On November 4, 2004, appellant filed a notice that a motion to certify a conflict was pending in the court of appeals and, pursuant to S.Ct.Prac.R. IV(4)(A), this court stayed consideration of the jurisdictional memoranda filed in this appeal. Whereas appellant has neither notified this court that the court of appeals determined that a conflict does not exist as provided by S.Ct.Prac.R. IV(4)(B) nor filed a copy of the court of appeals' order certifying the existence of a conflict as provided by S.Ct.Prac.R. IV(4)(C).
 {¶ 5} "IT IS ORDERED by the court, sua sponte, that appellant show cause within ten days of the date of this entry why this court should not proceed to consider the jurisdictional memoranda in this appeal pursuant to S.Ct.Prac.R. III(6)."
 {¶ 6} On May 12, 2005, the Ohio Supreme Court dismissed Appellant's appeal with the following entry:
 {¶ 7} "This cause is pending before the court as a discretionary appeal. Upon consideration of appellant's application for dismissal,
 {¶ 8} "IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.
 {¶ 9} "ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed."
 {¶ 10} Based on the action of the Ohio Supreme Court, Appellant's motion for reconsideration and motion to certify a conflict are now moot and it is unnecessary for us to issue any further opinion. Carter v.Kilburn (Aug. 7, 1989), 12th Dist. No. CA88-03-020. As a result, the motions are denied.